**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Steve J. Longariello, | ) | No. CV-09-01602-PHX-LOA |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Saint Joseph's Hospital and Medical Center, | ) ) ) | |
| Defendant. | ) ) ) | |

      This case arises upon Plaintiff's timely payment of the full filing fee and the Court's review of the docket. Plaintiff has voluntarily consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. 636(c)(1). (docket # 7)

      The Court has reviewed Plaintiff's Complaint, filed on August 4, 2009, and finds that it fails to comply with Rule 8, Federal Rules of Civil Procedure, and fails to state claims upon which relief may be granted. Rule 8, FED.R.CIV.P., provides:

> (a) **Claim for Relief**. A pleading that states a claim for relief *must* contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 8, FED.R.CIV.P. (emphasis added)

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* plaintiff must still satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations and emphasis omitted).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 125 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with an employment discrimination or other type of claim, a district court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 1951. In addition to satisfying the requirements of Rule 8(a)(2), a complaint must include the grounds upon which the court's jurisdiction rests and a demand for relief. Fed.R.Civ.P. 8(a)(1), (3).

If a district court determines that a pleading may be cured by the allegation of

other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *Lopez*, 203 F.3d at 1127-29 (*en banc*). Thus, a district court may *sua sponte* dismiss a *pro se* complaint for a violation of Rule 8 provided the plaintiff is given an opportunity to cure the complaint's deficiencies. *Robert v. First Hawaiian Bank*, 172 F.3d 58 (9th Cir 1999) (unpublished) (citing *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) and *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996)). The district court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine [trial] judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

Here, Plaintiff's Complaint falls short of satisfying the requirements of Rule 8(a). Plaintiff lists various statutes but fails to provide facts to explain how the Defendant violated each of these statutes. Also, Plaintiff's demand for "at least all relief required pursuant to the laws violated by this Defendant[]" is too generalized to inform either the Court or Defendant of exactly what relief he hopes to obtain from this lawsuit and, therefore, does not comply with Rule 8(a)(3), FED.R.CIV.P.

Plaintiff will be given a reasonable opportunity, if he so chooses, to amend his complaint to make clear his allegations in short, plain statements with each claim for relief identified in separate sections. In the amended complaint, Plaintiff must write out the rights he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's rights, and what specific injury Plaintiff suffered because of the other person's conduct. *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count. The amended complaint filed by Plaintiff must conform to the requirements of Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff is warned that if elects to file an amended complaint and if he fails to comply with the Court's instructions explained in this order, this lawsuit may be dismissed.

Accordingly,

**IT IS ORDERED** Plaintiff's Complaint, docket #1, is hereby **STRICKEN** for failure to comply with Rule 8, FED.R.CIV.P., and failure to state a claim upon which relief may br granted.

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint that shall fully comply with Rule 8, FED.R.CIV.P., on or before **Friday, October 2, 2009.** Plaintiff is directed to attach a copy of the EEOC Right to Sue letter as an exhibit to the Amended Complaint.

**IT IS FURTHER ORDERED** that if no Amended Complaint is filed on or before **Friday, October 2, 2009**, the Clerk is hereby directed to dismiss this case without prejudice and further notice.

**IT IS FURTHER ORDERED** that Plaintiff shall use proper capitalization in all future captions as mandated by LRCiv 7.1(a)(3).

Dated this 1st day of September, 2009.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge